THOMAS M. HEFFERON (*pro hac vice*)
THefferon@goodwinlaw.com
**GOODWIN PROCTER LLP**
1900 N Street, N.W.
Washington, DC 20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

ALYSSA A. SUSSMAN (*pro hac vice*)
ASussman@goodwinlaw.com
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Tel.: +1 212 813-8800
Fax: +1 212 355-3333

STELLA PADILLA (SBN 301590)
SPadilla@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| INEZ CLARA WASHINGTON on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>Defendant. | **Case No.** 5:20-cv-01711-PSG-SP<br><br>**JOINT FED. R. CIV. P. 26(F) AND LOCAL RULE 26-1 REPORT**<br><br>Date: November 23, 2020<br>Time: 2:00 p.m.<br>Judge: Hon. Philip S. Gutierrez<br>Courtroom: 6A |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Order Setting Scheduling Conference (Dkt. 21), Plaintiff Inez Clara Washington ("Plaintiff") and Defendant Select Portfolio Servicing, Inc. ("Defendant" or "SPS") (collectively, the "Parties") hereby submit this Joint Fed. R. Civ. P. 26(f) and Local Rule 26-1 Report.

## I. STATEMENT OF THE CASE

*Plaintiff's Statement*

Defendant Select Portfolio Servicing violates state and federal debt collection law and breaches the uniform terms of its borrowers' mortgages by charging and collecting illegal processing fees when borrowers pay their mortgages online or over the phone. SPS charges borrowers fees of up to $15 per payment for these online and telephone transactions ("Pay-to-Pay Fee"). The actual cost to process these transactions is usually approximately $.50 per transaction when processed by a third-party vendor; SPS, which does not use a vendor, incurs a cost of only a small fraction of the fee it charges borrowers and pockets the rest as profit.

Plaintiff Inez Washington is the borrower on a mortgage and SPS is her loan servicer. SPS was assigned the servicing rights to Ms. Washington's loan in November of 2019. At the time, Ms. Washington's mortgage was at least 38 days delinquent, and her first statement from SPS indicated that she was 45 days behind on her mortgage. As a result, Ms. Washington was in default on her mortgage at the time that SPS took over servicing. Ms. Washington makes payments over the phone and each time she does so, SPS charges her a Pay-to-Pay Fee. SPS charged Pay-to-Pay Fees of $15.00 when Ms. Washington made payments on December 13, 2019, April 14, 2020, February 15, 2020, and March 11, 2020.

SPS, a mortgage servicer responsible for collecting borrowers' mortgage payments, is a debt collector within the meaning of the federal Fair Debt Collection Practices Act ("FDCPA") as well as the Rosenthal Fair Debt Collection Practices Act. Also, SPS began servicing Ms. Washington's loan while it was in default, so

none of the exceptions under 15 U.S.C. § 1692a (the narrower, federal definition of "debt collector") applies. By charging and collecting Pay-to-Pay Fees, SPS violated the federal FDCPA, 15 U.S.C. § 1692f(1), which makes it illegal to collect amounts "incidental to the principal obligation" (i.e. the mortgage) "unless such amount is expressly authorized by the agreement creating the debt." Numerous courts in this District and across the country have held that Pay-to-Pay Fees charged by loan servicers violate § 1692f(1), as well as the provision of the Rosenthal Act that incorporates that section. *See, e.g.*, *Lembeck v. Arvest Central Mortg. Co.*, 2020 WL 6440502, at *2 -- F. Supp. 3d --- (N.D. Cal. Nov. 3, 2020); *Torliatt v. Ocwen Loan Serv.*, 2020 WL 1904596, at *2 (N.D. Cal. Apr. 17, 2020); *Sanders v. LoanCare LLC*, 2019 WL 441964, at *3 (C.D. Cal. Feb. 1, 2019); *Lindblom v. Santander Consumer USA, Inc.*, 2016 WL 2841495 (E.D. Cal. May 9, 2016); *Simmet v. Collection Consultants of Cal.*, 2016 WL 11002359, at *5 (C.D. Cal. July 7, 2016); *see also Caldwell v. Freedom Mortg. Corp.*, 2020 WL 4747497, at *4 (N.D. Tex. Aug. 14, 2020); *Barnett v. Caliber Home Loans*, 2020 WL 5494414, at *3 (S.D. Tex. Sept. 10, 2020); *Wittman v. CBI, Inc.*, 2016 WL 3093427 (D. Mont. June 1, 2016). SPS's practice also violates the Unfair Competition Law, which makes the violation of other laws independently actionable, and breaches SPS's mortgages with Ms. Washington and others similarly situated in that the uniform terms of these mortgages prohibit the lender from charging fees that are "expressly prohibited by . . . Applicable Law."

While it is true that a similar case was filed four days before this one in the Eastern District of New York, *DeSimone v. Select Portfolio Servicing. Inc.*, Case No. 1:20-cv-03837 ("*DeSimone*"), this case is in an advanced procedural posture relative to *DeSimone*. Ms. Washington is informed that SPS intends to move to compel to the claims of the California plaintiff there to individual arbitration, as well as separately move to dismiss the claims asserted by the New York plaintiff. Unlike the *DeSimone* plaintiff, Ms. Washington does not have an arbitration clause in her mortgage agreement, SPS has answered the complaint, and Ms. Washington will be serving

written discovery this week. Given the uncertainties in *DeSimone*, there is no basis to dismiss or stay this case, and with respect to transferring the case, any discussions regarding where and how the two matters should proceed are premature and should be informed by SPS's motions in *DeSimone*.

*Defendant's Statement*

As an initial matter, this case overlaps with *DeSimone*, a first-filed action pending in the Eastern District of New York, and should be dismissed, stayed, or transferred on that basis. Defendant has requested that Plaintiff voluntarily remedy the situation, and dismiss or consent to transfer, and counsel has stated that Plaintiff is considering the possibility. If she refuses, Defendant will seek relief from this Court by way of motion. If a motion is required, Defendant will file a motion promptly and any discovery should be stayed for the short time needed for this Court to decide whether it is going to retain the case.

Apart from that deficiency, Defendant denies any liability to Plaintiff or any absent putative class member based on the allegations contained in the Complaint. The subject charges were fully-disclosed and consented-to fees that Plaintiff induced when she requested that Defendant provide an extracontractual service to her (accepting payment electronically), and Defendant relied on her request and rendered the service on the condition she pay a nominal fee. Plaintiff's written mortgage contract governing her loan provides that "the absence of express authority . . . to charge a specific fee . . . shall not be construed as a prohibition on the charging of such fee." There is no prohibition in law that prevented Defendant from accommodating Plaintiff's desire for convenience, so long as she paid Defendant the disclosed charge. See *Mariscal v. Flagstar Bank, FSB*, 2020 WL 4804983, at *1 (C.D. Cal. Aug. 4, 2020); *Torliatt v. Ocwen Loan Servicing, LLC*, 2020 WL 1904596, at *5 (N.D. Cal. Apr. 17, 2020); *Flores v. Collection Consultants of California*, 2015 WL 4254032, at *10 (C.D. Cal. Mar. 20, 2015); *Kier v. Ocwen Loan Servicing, LLC*,

122 F. Supp. 3d 786, 789 (N.D. Ill. 2015); *Chatman v. Fairbanks Capital Corp.*, 2002 WL 1338492, at *3 (N.D. Ill. June 18, 2002); *Turner v. PHH Mortg. Corp.*, 2020 WL 2517927, at *2 (M.D. Fla. Feb. 24, 2020); *Estate of Campbell v. Ocwen Loan Servicing, LLC*, 2020 WL 5104538, at *2 (S.D. Fla. Apr. 30, 2020); *Lang v. Ocwen Loan Servicing, LLC*, 2020 WL 5104522, at *2-3 (M.D. Fla. July 17, 2020); *Kelly v. Ocwen Loan Servicing, LLC*, 2020 WL 4428470, at *2-3 (M.D. Fla. July 31, 2020); *Reid v. Ocwen Loan Servicing, LLC*, 2020 U.S. Dist. LEXIS 79378, at *1 (S.D. Fla. May 4, 2020); *Jerik v. Columbia Nat'l, Inc.*, 1999 WL 1267702, at *3 (N.D. Ill. Sept. 30, 1999); *Cappellini v. Mellon Mortg. Co.*, 991 F. Supp. 31, 40 (D. Mass. 1997). Plaintiff's FDCPA and Rosenthal Act debt-collection claims, and derivative UCL claim, fail because the statutes do not apply to the fees at issue, which are not an existing "debt" that SPS tried to "collect." Instead, they were amounts Plaintiff invited, for her convenience, assessed at the time the service was requested and rendered. *See Flores*, 2015 WL 4254032, at *10; *Garbutt v. Ocwen Loan Servicing, LLC*, 2020 WL 5641999 (M.D. Fla. Sept. 22, 2020); *Bardak v. Ocwen Loan Servicing, LLC*, 2020 WL 5104523, at *4 (M.D. Fla. Aug. 12, 2020); *Estate of Campbell*, 2020 WL 5104538, at *2; *Turner*, 2020 WL 2517927, at *2; *Kelly*, 2020 WL 4428470, at *2-3; *Reid*, 2020 U.S. Dist. LEXIS 79378, at *1.

Plaintiff also does not identify any misrepresentation by SPS that could support her FDCPA, Rosenthal Act, or UCL claims, or any public policy SPS violated that could support her UCL claim. Finally, even if charging a fee like this creates issues for some mortgage servicers, the charge was permitted by law for SPS because the charge is consistent with standards that the Federal Trade Commission set forth in an agreed order with SPS in 2003.

Defendant further denies that Plaintiff can certify her claims on a class basis under the requirements of Fed. R. Civ. P. 23(a) and 23(b). SPS also raises any additional defenses set forth in its answer to Plaintiff's complaint.

## II. REPORT ON FED. R. CIV. P. 26(F) AND L.R. 26-1 ISSUES

### A. Rule 26(a) Disclosures

The parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a), and such disclosures will be made on or before November 16, 2020.

### B. Planned Discovery

The parties have not taken any discovery to date. The parties anticipate stipulating to a protective order governing the handling of confidential materials. Defendant may seek relief from the Court to the extent that discovery propounded by Plaintiff in this case overlaps with discovery propounded by the plaintiffs in *DeSimone*. The parties do not otherwise currently anticipate that any changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules and do not currently request that other limitations be imposed. Each party reserves the right to seek the other's consent and, as necessary, to seek leave for such modifications.

*Plaintiff's Planned Discovery*

Plaintiff intends to serve written discovery and will notice a 30(b)(6) deposition and/or the depositions of relevant employees. She intends to seek discovery on the following subjects: (1) SPS's policies, practices, and procedures for assessing Pay-to-Pay Fees, (2) the dates SPS assessed Pay-to-Pay Fees against borrowers, (3) the amount of Pay-to-Pay Fees assessed to borrowers, (4) the amounts of Pay-to-Pay Fees paid by borrowers, (5) the amounts of Pay-to-Pay Fees assessed but not paid, (6) software used to charge and track Pay-to-Pay Fees, (7) the databases in which information concerning Pay-to-Pay Fees is stored, (8) how SPS trains its employees regarding Pay-to-Pay Fees, (9) SPS's agreements with third parties regarding Pay-to-Pay Fees, (10) the number of persons in the proposed Classes and the locations of those persons, and (11) all documents and information in SPS's possession relating to Ms. Washington. Plaintiff may also need to take additional

discovery on contested issues, including discovery needed to refute or respond to evidence SPS develops.

### Defendant's Planned Discovery

Defendant will propound written requests for admission, interrogatories, and requests for production, and will take (at least) the oral deposition of Plaintiff. SPS' discovery efforts will focus first on the allegations in Plaintiff's Complaint as well as the requirements of Rule 23, including but not limited to Plaintiff's adequacy, the typicality of Plaintiff's claims, and whether there are common issues that predominate over individual issues such that a Rule 23(b)(3) class should be certified. SPS will conduct discovery concentrated on Plaintiff's individual claim, including her standing, her choice to induce Defendant to deliver a service to her upon an illusory promise to pay for the service, and other defenses. SPS also may conduct additional discovery that bear upon contested issues that relate to either Plaintiff's individual claim or that of the absent putative class members, including but not limited to (1) agreements to incur and pay for the subject charge, including the terms of written and oral contracts between the parties and governing their relationship, (2) the extent and effectiveness of SPS' disclosures and of consent, (3) federal and state authorization, as well as servicing industry standards, permitting and not objecting to SPS' charges made at the request of Plaintiff and putative class members, (4) the benefits of the service freely chosen by the consumers, and (5) the prevalence and acceptance of similar charges in government and private relationships. Defendant will conduct discovery as to the claims of the class members, if and when a class is certified, including damages and defenses to individual members of the class. Finally, Defendant will conduct discovery needed to refute or respond to evidence Plaintiff develops.

**C. Timing of Discovery**

This case was filed as a putative class action, and Plaintiff's motion for class certification will raise threshold issues that will determine the ultimate scope of the

case. Accordingly, in the interest of judicial economy and to fulfill the requirement that the scope of discovery be proportionate to the needs of the case at the time discovery is served, the Parties believe discovery should be focused, with the parties first engaging in discovery for class certification purposes, and any remaining discovery should follow the Court's decision on class certification.

The first phase of discovery should focus on Plaintiff's individual claims and Rule 23's requirements. The Court's determination of whether Rule 23's requirements are satisfied will determine the scope of the remaining proceedings, including whether the trial will involve one or multiple sets of plaintiffs. Focusing on Rule 23's requirements initially will avoid burdening the Court and the Parties with discovery that may prove to be unnecessary in the event that the Court does not certify a class, or the Court certifies a class that is narrower than the classes Plaintiff proposes. While the issues related to class certification and the merits may sometimes overlap (*see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)), the parties will work together to avoid unnecessary disputes over the distinction between "class" and "merits" discovery.

Discovery which follows the certification decision can address any merits and damages issues that remain.

The Parties therefore have agreed on the following deadlines:

| | |
|---|---|
| Deadline to Amend or Add Parties | January 29, 2021 |
| Deadline for Completion of Discovery Needed for Class Certification Motion and Opposition | March 19, 2021 |
| Deadline for Plaintiff to File Motion for Class Certification | April 2, 2021 |
| Deadline for Defendant to file Opposition to Motion for Class Certification | April 30, 2021 |
| Deadline for Plaintiff to File Reply in Support of Motion for Class | May 28, 2021 |

8
JOINT FED. R. CIV. P. 26(F) AND LOCAL RULE 26-1 REPORT

| Certification | |
|---|---|
| Deadline to Complete all Fact Discovery | November 12, 2021 |
| Deadline for Plaintiff's Expert Disclosures | December 3, 2021 |
| Deadline for Defendant's Expert Disclosures | January 14, 2022 |
| Deadline to Complete all Expert Discovery | February 4, 2022 |
| Deadline to File Motions for Summary Judgment | March 11, 2022 |
| Deadline to File Oppositions to Motions for Summary Judgment | April 8, 2022 |
| Deadline to File Replies in Support of Motions for Summary Judgment | April 15, 2022 |

### D. Privilege and Confidentiality Issues

The Parties agree to use the procedures set forth in Fed. R. Civ. P. 26(b)(5) regarding any claims of privilege or protection for materials asserted as prepared in anticipation of litigation or trial. The Parties will cooperate in good faith to develop a protocol to govern privilege and confidentiality issues and will submit the protocol for Court approval.

### E. Manual for Complex Litigation

The Parties agree that, inasmuch as this case is a putative class action asserting federal and state claims, certain provisions of the Manual for Complex Litigation may be useful in the management of this action. Accordingly, the Parties will utilize the Manual for Complex Litigation where necessary and appropriate.

### F. Dispositive Motions

Defendant intends to move for summary judgment as to some or all of Plaintiff's claims. Per Section II.C. above, the Parties agree that dispositive motions shall be made by March 11, 2022.

### G. Alternative Dispute Resolution

The Parties have had preliminary settlement discussions which did not lead to

a resolution at this time. The Parties remain open to discussing settlement, including participating in private mediation at a later time.

### H. Trial Estimate

The Parties anticipate that a trial will last five to seven days.

### I. Additional Parties

Plaintiff reserves the right to seek to join additional persons or entities in this matter, including but not limited to additional Class Members and other entities that may be involved in the collection of Pay-to-Pay Fees. Defendant reserves all rights to seek to join additional persons or entities in this matter, including but not limited to Steven Lewis Washington who is a party to Plaintiff's mortgage agreements.

### J. Expert Witnesses

Per Section II.C. above, the Parties agree that Plaintiff's expert disclosures shall be due on December 3, 2021, Defendant's expert disclosures shall be due on January 14, 2022, and the expert discovery deadline shall be February 4, 2022.

Dated:  November 16, 2020                    Respectfully submitted,


By:/s/ Stella Padilla

THOMAS M. HEFFERON
THefferon@goodwinlaw.com
ALYSSA A. SUSSMAN
ASussman@goodwinlaw.com
STELLA PADILLA
SPadilla@goodwinlaw.com
**GOODWIN PROCTER** LLP

Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC.

By: */s/Katherine M. Aizpuru(with permission)*
Hassan A. Zavareei (SBN 181547)
*hzavareei@tzlegal.com*
Kristen G. Simplicio (SBN 263291)
*ksimplicio@tzlegal.com*
Katherine M. Aizpuru (*pro hac vice*)
*kaizpuru@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000
Washington, DC 20036
Tel.: +1 202 973-0900
Fax: + 1 202 973-0950

Annick M. Persinger (SBN 272996)
*apersinger@tzlegal.com*
10880 Wilshire Boulevard, Suite 1101
Los Angeles, CA 94612
Tel.: +1 510 254-6808
Fax: +1 202 973-0950

Todd A. Walburg (SBN 213063)
*twalburg@baileyglasser.com*
**BAILEY & GLASSER LLP**
475 14th Street, Suite 610
Oakland, CA 94612
Tel.: +1 510 207-8633
Fax: +1 510 463-0241

Attorneys for Plaintiff
INEZ CLARA WASHINGTON

JOINT FED. R. CIV. P. 26(F) AND LOCAL RULE 26-1 REPORT